UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN P., | ) |
|              Plaintiff | ) |
| v. | ) No. 1:21-cv-00309-LEW |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|              Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in assessing a restriction to sedentary work to account for impairments that were not medically determinable. *See* Statement of Errors (ECF No. 14) at 6-10. I find no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of psychogenic seizures, post-traumatic stress disorder, anxiety disorder, and adjustment disorder, *see* Record at 166, and (2) retained the residual functional capacity (RFC) to perform sedentary work except that he could occasionally climb ramps or stairs; could never climb ladders, ropes, or scaffolds; needed to avoid exposure to fire, water, and electrical hazards; needed to avoid operation of motor vehicles or dangerous moving or cutting machinery; needed to

1

avoid unprotected heights; could understand and remember simple instructions, carry out simple tasks in two-hour blocks over the course of a normal workday and workweek, and interact appropriately with coworkers and supervisors but not with the public; and could adapt to normal changes in a routine of non-public simple tasks, *see id.* at 169. Based on vocational testimony that a significant number of jobs were available to a person with the Plaintiff's RFC, the ALJ found him not disabled. *See id.* at 172-74. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff contends that the ALJ erroneously "prudentially" limited him to sedentary work to account for two impairments that were not medically determinable and with respect to which no expert assessed limitations: neural deficits and left-sided paresthesia. Statement of Errors at 8. He adds that the ALJ should have sent him—or his medical records—to an appropriate expert to determine the extent of any limitations. *See id.* at 9-10. I find no error.

The ALJ explained that he had given the Plaintiff "the benefit of the doubt as to reported problems with walking and climbing, as discussed in his testimony, in light of waxing and waning neural deficits and left sided paresthesia" even though the record lacked "a precise etiology" for those symptoms. Record at 167. Crediting some of a claimant's subjective allegations and/or giving him or her the benefit of the doubt is not an error. *See, e.g., Kristina D. B. v. Berryhill*, No. 1:18-cv-00088-JHR, 2019 WL 1407407, at *3-4 (D. Me. Mar. 28, 2019) (affirming when an ALJ rejected expert opinions not because of later-submitted evidence but because she chose to credit some of the claimant's subjective allegations); *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *5 (D. Me. June 25, 2017) (rec. dec.) (finding that an ALJ assessed an RFC more favorable than the evidence would otherwise support when the record contained opinions of three experts deeming claimant "less physically restricted than found by the ALJ"), *aff'd*, 2017 WL 3711558 (D. Me. Aug. 28, 2017).

Nor has the Plaintiff shown that the ALJ breached a duty to develop the record. While ALJs have "a duty to develop an adequate record from which a reasonable conclusion can be drawn," claimants bear "the burden of producing the evidence and proving impairment." *Ribeiro v. Barnhart*, 149 F. App'x 7, 8 (1st Cir. 2005) (cleaned up). Accordingly, "in most instances, where the [claimant] himself fails to establish a sufficient claim of disability, the Commissioner need proceed no further." *Torres-Pagán v. Berryhill*, 899 F.3d 54, 59 (1st Cir. 2018) (cleaned up). The Plaintiff, who was represented by counsel before the ALJ, *see* Record at 164, makes no showing that his case falls within an exception to that rule.[1]

In any event, even if the ALJ failed to develop the record adequately, the Plaintiff has not made the requisite showing that the record development he contends was necessary would have made any material difference. *See Faria v. Comm'r of Soc. Sec.*, No. 97-2421, 1998 WL 1085810, at *1 (1st Cir. Oct. 2, 1998) (holding that a "reversal due to an ALJ's alleged failure to develop the record is only warranted where such failure is unfair or prejudicial" (cleaned up)).

---

[1] The ALJ's responsibility to develop the record "increases in cases where the [claimant] is unrepresented, where the claim itself seems on its face to be substantial, where there are gaps in the evidence necessary to a reasoned evaluation of the claim, and where it is within the power of the [ALJ], without undue effort, to see that the gaps are somewhat filled as by ordering easily obtained further or more complete reports or requesting further assistance from a social worker or psychiatrist or key witness." *Torres-Pagán*, 899 F.3d at 59 (cleaned up).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be ***AFFIRMED***.

### ***NOTICE***

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 1, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge